

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1 : 16 CR 076 |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | JUDGE GAUGHAN |
| | ) | |
| REMO DiFRANCO, | ) | INFORMATION |
| | ) | |
| Defendant. | ) | |

## General Allegations

At all times relevant:

1. Alphonso and Son, Inc., ("Company") was a sewage and plumbing business located in Oakwood Village, Ohio.

2. Business Executive 1 ("BE1") and Defendant REMO DIFRANCO ("DIFRANCO") co-owned the Company.

3. Business Executive 2 ("BE2") was a certified public accountant who prepared the personal tax returns for BE1 and DIFRANCO and the business tax returns for the Company. BE2 had an ownership interest in several businesses, including Business 1 and Business 3. BE2 was an agent of Business 2.

The United States Attorney further charges:

## COUNT 1
### (Conspiracy to Defraud, Impede and Impair the IRS - Klein Conspiracy
### 18 U.S.C. § 371)

4. Paragraphs 1-3 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

### THE CONSPIRACY

5. Beginning in or around 2007, and continuing through on or about April 15, 2012, the exact dates unknown to the United States Attorney, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant REMO DIFRANCO, BE1 (not charged herein) and BE2 (not charged herein), did knowingly and intentionally conspire, combine, confederate and agree together and with each other and with other persons known and unknown to the United States Attorney, to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue.

### OBJECTS OF THE CONSPIRACY

6. It was an object of the conspiracy that BE1, DIFRANCO and the Company, with BE2's assistance, enriched themselves and their designees by depriving the United States of monies, in the form of tax due and owing.

7. It was a further object of the conspiracy that BE2 enriched himself and his designees by receiving a percentage of the tax savings.

## MANNER AND MEANS

It was part of the conspiracy that:

8. BE2 instructed BE1 and DIFRANCO to write a Company check to Business 1, Business 2, or Business 3 in a specific amount.

9. BE2 further instructed BE1 and DIFRANCO to classify the checks in the Company's financial records as rent and materials.

10. Neither Business 1, Business 2, nor Business 3 performed any service for, or delivered any goods to, the Company.

11. BE1, DIFRANCO, and BE2 knew that Business 1, Business 2, and Business 3 had no business relationship with the Company.

12. DIFRANCO instructed another Company employee to prepare the Company check and falsely classify the payment as rent and materials expenses, per BE2's instructions.

13. DIFRANCO hand-delivered the Company checks to BE2.

14. BE2 caused the Company checks to be deposited.

15. Within days of BE2 depositing a Company check, BE2 caused to be issued checks payable to BE1 and DIFRANCO in an amount of approximately 45 percent of the Company check BE2 had deposited.

16. BE2 kept the remaining approximately 10 percent for his use and the use of his designees.

17. BE2 told BE1 and DIFRANCO that his 10 percent fee was less than the amount due and owing in federal tax had BE1 and DIFRANCO taken the money directly from the Company's financial account and properly categorized the payments in the Company's accounting system.

18. BE2 prepared IRS Form 1040s for both BE1 and DIFRANCO for the tax years 2007 through and including 2011.

19. BE2 failed to include the income BE1 and DIFRANCO received from the Company, laundered through Business 1, Business 2 and Business 3.

20. BE1 and DIFRANCO signed and filed tax returns for the years 2007 through and including 2011 knowing that the tax returns understated their income and overstated the company's expenses.

21. BE2 prepared IRS Form 1040s for the Company for the tax years 2007 through and including 2011.

22. BE2 improperly deducted the payments to Business 1, Business 2, and Business 3 as business expenses, when BE2 knew that those payments constituted income to both BE1 and DIFRANCO.

23. BE1, DIFRANCO, and the Company enriched themselves and their designees by paying a lesser amount in federal tax than the amount rightfully due and owing.

## OVERT ACTS

24. In furtherance of the conspiracy, and to effect the objects thereof, BE1, DIFRANCO, and BE2 committed the following overt acts in the Northern District of Ohio and elsewhere:

25. On or about the following dates, BE1 and DIFRANCO caused to be issued checks from the Company, each constituting a separate overt act:

|    | Check Date | Check # | Payee |
|----|------------|---------|-------|
| A. | 2/23/2007 | 1155 | Business 2 |
| B. | 2/23/2007 | 1157 | Business 2 |
| C. | 2/23/2007 | 1849 | Business 1 |
| D. | 2/23/2007 | 1851 | Business 1 |
| E. | 4/18/2007 | 1174 | Business 2 |
| F. | 4/18/2007 | 1176 | Business 2 |
| G. | 4/18/2007 | 1878 | Business 1 |
| H. | 6/15/2007 | 1908 | Business 1 |
| I. | 6/15/2007 | 1193 | Business 2 |
| J. | 9/28/2007 | 1234 | Business 2 |
| K. | 9/28/2007 | 1235 | Business 2 |
| L. | 9/28/2007 | 1955 | Business 1 |
| M. | 3/11/2008 | 1276 | Business 2 |
| N. | 3/11/2008 | 1277 | Business 2 |
| O. | 6/26/2008 | 1312 | Business 2 |
| P. | 6/26/2008 | 1476 | Business 3 |
| Q. | 9/29/2008 | 1333 | Business 2 |
| R. | 9/29/2008 | 2120 | Business 1 |
| S. | 11/7/2008 | 1347 | Business 2 |
| T. | 11/7/2008 | 2145 | Business 1 |

| | | | |
|---|---|---|---|
| U. | 9/3/2009 | 1424 | Business 2 |
| V. | 9/3/2009 | 1421 | Business 2 |
| W. | 9/3/2009 | 2279 | Business 1 |
| X. | 10/6/2009 | 1432 | Business 2 |
| Y. | 10/6/2009 | 2296 | Business 1 |
| Z. | 11/10/2010 | 1576 | Business 2 |
| AA. | 11/16/2010 | 2456 | Business 1 |
| BB. | 11/16/2010 | 1592 | Business 3 |
| CC. | 1/5/2011 | 1592 | Business 2 |
| DD. | 1/5/2011 | 2471 | Business 1 |
| EE. | 9/26/2011 | 2578 | Business 1 |
| FF. | 9/27/2011 | 1674 | Business 2 |
| GG. | 9/27/2011 | 2576 | Business 1 |
| HH. | 9/26/2011 | 1613 | Business 3 |
| II. | 9/26/2011 | 1615 | Business 3 |

26. On or about the following dates, BE1 signed and filed an IRS Form 1040, knowing that such form falsely reported the tax due and owing, each constituting a separate overt act:

JJ. April 8, 2008

KK. April 13, 2009

LL. April 15, 2010

MM. April 15, 2011

NN. April 11, 2012

27. On or about the following dates, DIFRANCO signed and filed an IRS Form 1040, knowing that such form falsely reported the tax due and owing, each constituting a separate overt act:

OO. April 15, 2009

PP. April 15, 2010

QQ. April 15, 2011

RR. April 15, 2012

All in violation of Title 18, United States Code, Section 371.

The United States Attorney further charges:

## COUNT 2
### (Conspiracy to Defraud, Impede and Impair the IRS - Klein Conspiracy
### 18 U.S.C. § 371)

28. Paragraphs 1-2 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

### THE CONSPIRACY

29. Beginning in or around January 2007, and continuing through on or about April 15, 2012, the exact dates unknown to the United States Attorney, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant REMO DIFRANCO and BE1 (not charged herein), did knowingly and intentionally conspire, combine, confederate and agree together and with each other and with other persons known and unknown to the United States Attorney, to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue.

## OBJECT OF THE CONSPIRACY

30. It was an object of the conspiracy that BE1 and DIFRANCO enriched themselves and their designees by depriving the United States of monies, in the form of tax due and owing.

## MANNER AND MEANS

It was part of the conspiracy that:

31. BE1 and DIFRANCO instructed clients to issue checks for work performed by the Company to BE1 and DIFRANCO personally.

32. Neither BE1 nor DIFRANCO deposited the payments into the Company's bank account.

33. BE1 and DIFRANCO instructed a Company employee to issue company checks payable to BE1 and DIFRANCO and misclassify the checks as reimbursements.

34. BE1 and DIFRANCO signed and filed tax returns for the years 2007 through and including 2011 knowing that the tax returns understated their income.

35. BE1, DIFRANCO, and the Company enriched themselves and their designees by paying a lesser amount in federal tax than the amount rightfully due and owing.

## OVERT ACTS

36. In furtherance of the conspiracy, and to effect the objects thereof, BE1 and DIFRANCO committed the following overt acts in the Northern District of Ohio and elsewhere:

A. On or about July 6, 2011, BE1 caused to be issued a Company check in the amount of $2,300, falsely classified as a reimbursement.

B. On or about July 11, 2011, DIFRANCO caused to be issued a Company check in the amount of $5,000, falsely classified as a reimbursement.

C.     On or about July 18, 2011, BE1 caused to be issued a Company check in the amount of $5,000, falsely classified as a reimbursement.

D.     On or about December 22, 2011, DIFRANCO caused to be issued a Company check in the amount of $2,000, falsely classified as a reimbursement.

All in violation of Title 18, United States Code, Section 371.

                                              CAROLE S. RENDON
                                              Acting United States Attorney

By: _____
        ANN C. ROWLAND
        Chief, Major Fraud and Corruption Unit